MACK DARDEM, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The provisions of section 2644, Revised Statutes, prescribing a penalty against one who "has, keeps, exercises or maintains gaming implements or apparatus for the purpose of gaming or gambling" were not repealed by the provisions of section 3, Chapter 4373 laws, approved May 28, 1895, which prescribes a penalty against one who "sets up, pro-

motes or plays at any game of chance by lot, or with dice, cards, numbers, hazard or any other gambling device whatever for, or for the disposal of, money or other thing of value," &c.

Writ of Error to the Criminal Court of Record for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*Geo. G. Clough,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

CARTER, J.

On September 16th, 1901, an information was duly filed in the Criminal Court of Record of Hillsborough county, charging that plaintiff in error on the 30th day of June, A. D. 1901, in the county of Hillsborough in this State "did then and there unlawfully, willfully and feloniously have, keep and maintain a gaming apparatus commonly called a slot machine, for the purpose of gaming and gambling, against the form of the statute," &c.   At the same term of the court defendant was arraigned, plead guilty, and was sentenced to pay a fine of one hundred and fifty dollars and costs.   From the judgment so entered writ of error was taken returnable to the present term of this court.

The information was manifestly framed under section 2644, Rev. Stats, which, so far as applicable to the present case, prescribes a punishment by imprisonment in the State prison not exceeding three years, or fine not exceed-

ing five thousand dollars, against one who "has, keeps, exercises or maintains gaming impliments or apparatus for the purpose of gaming or gambling," and the fine imposed does not exceed that prescribed by the section quoted. It is contended in this court that the quoted section of the Revised Statutes was repealed by section 3, Chapter 4373, laws approved May 28, 1895, which reads as follows: "Whoever sets up, promotes or plays at any game of chance by lot, or with dice, cards, numbers, hazzard or any other gambling device whatever for, or for the disposal of, money or other thing of value, or under the pretext of a sale, gift or delivery thereof, or for any right, share or interest therein, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not exceeding $100, or he imprisoned in the county jail not exceeding three months, or, be punished by both such fine and imprisonment," that the information must be construed as charging an offense under the latter act, and that therefore the fine imposed upon plaintiff in error in the court below was unauthorized, because it exceeds the maximum prescribed thereby. This question is properly raised by the assignments of error, and is the only question presented by the briefs for our consideration.

The act of 1895 does not in terms repeal section 2644, Rev. Stats., but by section 5 it does repeal "all laws on parts of laws in conflict with or inconsistent" with its provisions. Unless there is in a latter statute something in conflict or inconsistent with an earlier one no repeal of the latter is effected. Properly construed, there is no inconsistency between these statutes, for each punishes different and distinct acts. The Revised Statutes is directed against having, exercising or maintaining gaming implements or apparatus for the purpose of gaming, while

the act of 1895 is directed against the setting up or promoting of any game of chance with dice, cards * * * or any other gambling device whatever for, or for the disposal of money, &c. The latter act does not punish one who sets up or promotes a gambling device, as contended by plaintiff in error, but punishes the setting up or promoting of any game of chance conducted by means of any gambling device.

The contention made in this court can not be sustained, and the judgment will, therefore, be affirmed.